UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------x
In re:

    Dwight Wray,
    Karen Wray,

                    Debtor(s).
----------------------------------x

Chapter 13
Case No. 11-36639-cgm

**FORMAL OBJECTION TO CONFIRMATION OF PROPOSED PLAN**

    **Saul Leopold**, an attorney duly admitted to practice law before this Court, affirms under penalty of perjury as follows:

    1.    I am the Managing Member of LEOPOLD & ASSOCIATES, PLLC, the attorneys of record for U.S. Bank N.A., as Trustee for the registered holders of CSMC Asset-Backed Trust 2007-NC1 OSI, CSMC Asset-Backed Pass-Through Certificates, Series 2007-NC1 OSI, (hereinafter "U.S. Bank N.A. as Trustee"). I have reviewed the file maintained by this office and based on the documents, pleadings, notes and other memoranda contained therein I am familiar with the proceedings heretofore had herein.

    2.    I submit this affirmation as formal Objections to Debtor's Chapter 13 proposed Plan pursuant to 11 U.S.C. 1322(b)(2) and (e). The confirmation hearing is scheduled for August 9, 2011.

    3.    The jurisdiction of this Court is invoked pursuant to 11 U.S.C. Section 1321 et seq. and the Bankruptcy Amendments and Federal Judgeship Act of 1984.

## BACKGROUND

4.  At all times hereinafter mentioned, U.S. Bank N.A. as Trustee holds a certain mortgage dated December 12, 2006, in the original amount of $255,200.00, executed by Dwight Wray, Debtor(s) herein, to collaterally secure a certain note dated the same date. Said mortgage was duly recorded in Liber 12445 of Mortgages at page 1761 Document 20070056502, in the Office of the Clerk, County of Orange on May 16, 2007. (**See, Exhibit "A"** for copy of said mortgage).

Said mortgage was assigned by written agreement to Applicant by an assignment of mortgage dated June 1, 2010. (**See, Exhibit "C"** for copy of said assignment of mortgage).

5.  The note executed by Debtor(s), provided for repayment of the mortgage loan as follows: The sum of $1,731.49 on February 1, 2007, and a like sum of exact amount each and every month until February 1, 2009, after which the exact amount is to be determined by the interest rate prevalent on the 1st day of each and every 6th month thereafter until January 1, 2037. Said monthly payments are to be applied first to the payment of interest at the rate calculated in accordance with the provisions of the note, and the balance of said monthly payments to be applied in reduction of principal. (**See, Exhibit "B"** for copy of said note.)

6.  Said mortgage constitutes a lien upon the premises known as 32 Victoria Drive, Newburgh, NY 12550.

## BASIS FOR OBJECTION TO DEBTOR'S PLAN

7.  Debtor(s), who filed the within case on June 3, 2011, had filed a proposed Chapter 13 Plan which Plan does not provide for

payments to the Trustee, on behalf of U.S. Bank N.A. as Trustee, over the life of the Plan. Annexed hereto as **Exhibit "D"** is a copy of Debtor's proposed Chapter 13 Plan. As shown below, same is in an amount that is insufficient and inadequate to address the arrears owed to U.S. Bank N.A. as Trustee.

8. According to records provided by Ocwen Loan Servicing, LLC as of the date of filing the instant petition U.S. Bank N.A. as Trustee was owed pre-petition arrears in the amount of $26,299.24.

9. I stress that the proposed Chapter 13 Plan, submitted by Debtor(s), is inadequate in that it does not provide for arrears to be paid to secured creditor U.S. Bank N.A. as Trustee.

10. Therefore, the proposed Plan is insufficient and inadequate to address the claim of U.S. Bank N.A. as Trustee.

11. Thus, Debtor's proposed Plan should not be confirmed because the proposed amount to be distributed to U.S. Bank N.A. as Trustee by the Chapter 13 Trustee is insufficient.

(Continued on Next Page)

## CONCLUSION

12. As set forth above the Debtor's proposed Plan is insufficient. That by virtue of the foregoing Debtor's proposed Chapter 13 Plan should not be confirmed.

**WHEREFORE**, U.S. Bank N.A. as Trustee respectfully requests that Debtor's proposed Chapter 13 Plan not be confirmed, and for such other, further and different relief as to this Court may seem just, proper and equitable.

Dated: Armonk, New York
July 18, 2011

LEOPOLD & ASSOCIATES, PLLC

/S/SAUL LEOPOLD
By: SAUL LEOPOLD
Attorneys for U.S. Bank N.A. as Trustee
80 Business Park Drive
Suite 301
Armonk, New York 10504
(914)219-5787