**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------x
In re:                                                    **Chapter 13**

    DWIGHT WRAY
    KAREN WRAY
                                       **Case No.** 11-36639 (CGM)

                      **Debtor(s).**
-----------------------------------------------------------x

## ORDER VOIDING MORTGAGE LIEN OF
## QUANTUM SERVICING CORPORATION

Upon the motion dated August 5, 2011 (the "Motion") of the above debtor(s) Dwight Wray and Karen Wray (the "Debtor(s)"), for an order determining that the mortgage lien held by Quantum Servicing Corporation (with any subsequent successor or assign, "Creditor") on the Debtor(s)'s property located at 32 Victoria Drive, Newburgh, New York; 108-4-1 (the "Property") is void as being wholly unsecured under 11 U.S.C. §§ 506(a) and 1322, and reclassifying the secured claim of the Creditor in this case as an unsecured claim; and it appearing that due and sufficient notice of the Motion and the hearing thereon was provided; and there being no opposition to the requested relief; and upon the record of the August 23, 2011 hearing on the Motion; and, after due deliberation, it appearing that the amount of the senior debt secured by the Property exceeds the value of the Property and that there is no collateral value in the Property to secure the Debtor(s)'s obligations to the Creditor under the Creditor's mortgage on the Property; and good and sufficient cause appearing, it is hereby ORDERED that

    1. The Motion is granted.

    2. Any claim timely filed by Creditor against the Debtor(s) and the Debtor(s)'s estate in this case shall be treated as wholly unsecured.

1

3. The wholly unsecured lien of the Creditor's mortgage on the Property is declared void (see In re Pond, 252 F.3d 122 (2d Cir. 2001)), subject to the Creditor's rights under 11 U.S.C. § 363(k) and its right to such lien's reinstatement upon any dismissal or conversion of the Debtor(s)'s chapter 13 case prior to the performance of the Debtor(s)'s chapter 13 plan voiding such mortgage under 11 U.S.C. § 1322(b)(2).

4. The Clerk of the County of Orange, New York shall mark on its records that the Creditor's mortgage on the Property [appearing at Liber 12357 and Page No. 497] is void pursuant to Bankruptcy Court Order, subject to the lien's reinstatement upon any dismissal or conversion of the Debtor(s)'s chapter 13 case prior to the performance of the Debtor(s)'s chapter 13 plan voiding such mortgage under 11 U.S.C. § 1322(b)(2); provided, that the Debtor(s) may in the alternative record a copy of this Order with the Clerk of the County of Orange, New York to provide such notice.

5. Notwithstanding any other provision of this Order, this Order shall remain effective if the above-captioned case is converted to a case under chapter 11.

Dated: Poughkeepsie, New York
August 29 2011

*/s/ Cecelia G. Morris*
HONORABLE CECILIA G. MORRIS
UNITED STATES BANKRUPTCY JUDGE